UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVIN MICHAEL RYAN,

               Plaintiff,

    v.

CORRECTIONS DEPUTY ADAM
HANSEN, et al.,

               Defendants.

CASE NO. C19-753 MJP

ORDER ADOPTING REPORT AND
RECOMMENDATION

THIS MATTER comes before the Court on Defendants' Objections (Dkt. No. 40) to the

Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate

Judge (Dkt. No. 38).  Having reviewed the Report and Recommendation, the Objections, and all

related papers, the Court ADOPTS the Report and Recommendation.

**Background**

The relevant facts and procedural background are set forth in detail in the Report and

Recommendation.  (Dkt. No. 38.)  Magistrate Judge Theiler recommended dismissing Defendant

1    Snohomish County, but concluded that Defendant Adam Hansen was not entitled to summary

2    judgment on Plaintiff's excessive force claim nor was he entitled to qualified immunity.  (Dkt.

3    No. 38 at 11-12, 13-14, 16.)  Defendant Hansen now objects to the Report and Recommendation,

4    arguing that Magistrate Judge Theiler overlooked the second prong of the qualified immunity

5    analysis: whether Plaintiff's right to be free from excessive force under the circumstances was

6    clearly established in 2017.  (Dkt. No. 40.)  For the reasons discussed infra, the Court finds that it

7    was.

8    <center>**Discussion**</center>

9    **I.**      **Legal Standard**

10         Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the

11    Magistrate Judge's Report and Recommendation that has been properly objected to and may

12    accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); see also 28

13    U.S.C. § 636(b)(1).

14    **II.**      **Defendant's Objection**

15         Defendant Hansen contends that he is entitled to qualified immunity because it was not

16    "clearly established" at the time of the incident that "a controlled take down, or the use of the

17    lowest level of force after verbal commands," was a constitutional violation when it is

18    undisputed that Plaintiff continued to "be verbal" after he was further restrained.  (Dkt. No. 40 at

19    5-6.)  The Report and Recommendation found that there was a significant dispute of fact

20    regarding Plaintiff's constitutional claim that Defendant Hansen used excessive force and

21    because Plaintiff "both denies and provides evidence supporting his contention that, while he

22    was verbal, he did not resist," Defendant Hansen was therefore not entitled to qualified

23    immunity.  (Dkt. No. 38 at 14.)

24

Under the doctrine of qualified immunity, state officials "performing discretionary functions [are protected] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether qualified immunity applies, the Court considers whether the plaintiff alleged sufficient facts to make out a violation of a constitutional right, and whether the constitutional right was clearly established at the time of the alleged violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001), modified by Pearson v. Callahan, 555 U.S. 223 (2009) (explaining "that, while the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory").

In considering whether a right is clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).  In this analysis, the court applies an objective standard; "the defendant's subjective understanding of the constitutionality of his or her conduct is irrelevant." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011) (internal quotation marks and quoted source omitted).

Here, Defendant contends that "the right of a resisting detainee to be free from a controlled take-down maneuver where an officer is facing challenging circumstances" was not clearly established at the time of the incident.  (Dkt. No. 40 at 7.)  But Defendant's contention requires the Court to ignore substantial evidence demonstrating that Plaintiff did not pose a threat to Defendant at the time of the takedown.  When viewing the facts in the light most favorable to Plaintiff, as the Court must on summary judgment, Plaintiff posed no threat to the safety of the officers and showed no resistance at the time Defendant conducted the takedown.  Instead, when Defendant threw Plaintiff to the floor and slammed his knee in to Plaintiff's lower back—

1    causing Plaintiff to scream in pain—Plaintiff's hands were cuffed to his waist, he was pinned

2    against the wall and the video evidence shows that Plaintiff was completely motionless.  (Dkt.

3    No. 25 at 2-3; Dkt. No. 32 (video surveillance).)  Further, the officer standing closest to Plaintiff

4    did not see Plaintiff "as a threat at all" and "didn't know why Hansen felt he needed to remove

5    Ryan."  (Dkt. No. 25, Ex. C at 18-21.)

6         The Ninth Circuit has long held that "[f]orce is excessive when it is greater than is

7    reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir.2002).

8    Further, as early as 1989 the Supreme Court held that "force is only justified when there is a

9    need for force." Blankenhorn v. City of Orange, 485 F.3d 463, 481 (9th Cir. 2007) (citing

10   Graham v. Connor, 490 U.S. 386, 396 (1989)).  It has therefore been "clearly established" for

11   decades that no reasonable officer would apply additional force once a detainee was subdued and

12   posed no threat, as the facts favorable to Plaintiff show in this case.

13        Further, the cases cited by Defendant do not support qualified immunity here.  In his

14   Motion for Summary Judgment, Defendant cited Shafer v. Cty. of Santa Barbara, 868 F.3d 1110,

15   1117 (9th Cir. 2017), cert. denied sub nom. Shafer v. Padilla, 138 S. Ct. 2582, 201 L. Ed. 2d 295

16   (2018) as an analogous case, where the court found that the officer did not violate clearly

17   established law when he increased his use of force from "verbal commands, to an arm grab, and

18   then a leg sweep maneuver, when a misdemeanant refuses to comply with the officer's orders and

19   resists, obstructs, or delays the officer in his lawful performance of duties such that the officer

20   has probable cause to arrest him in a challenging environment."  (Dkt. No. 34 at 11-12.)  But the

21   Court agrees with Magistrate Judge Theiler's reasoning that Shafer is distinguishable "in at least

22   one critical respect": "In Shafer, a jury found the officer had probable cause to arrest where the

23

24

1    misdemeanant not only refused to comply with an order, but also resisted, obstructed, or delayed

2    the officer in performing his duties."  (Dkt. No. 38 at 13.)

3            In his Objections, Defendant cites several cases in addition to <u>Shafer</u> that he did not cite

4    in his motion for summary judgment, none of which support granting qualified immunity where

5    an officer uses excessive force against a restrained, motionless pretrial detainee.  (<u>See</u> Dkt. No.

6    40 at 7-8 (citing <u>Santos v. Gates</u>, 287 F.3d 846, 856 (9th Cir. 2002) (finding that question of

7    material fact existed where officers "gang-tackled" the Plaintiff as he assumed a "passive"

8    position during arrest); <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 481 (9th Cir. 2007)

9    (finding that no reasonable officer would have believed that hobble restraints on the Plaintiff's

10   wrists and ankles, in addition to handcuffs were necessary to restrain "a relatively calm trespass

11   suspect"); <u>Jackson v. City of Bremerton</u>, 268 F.3d 646, 651-53 & n.5 (9th Cir. 2001) (finding no

12   constitutional violation where the plaintiff's hair was sprayed with a chemical irritant and her finger

13   broken during arrest when a 30-50 person crowd was surrounding and attacking the arresting officers

14   and plaintiff was interfering with their arrest of her son).  As the Supreme Court explained in <u>Graham</u>

15   so many years ago, these cases stand for the proposition that force is excessive where unnecessary

16   and appropriate where necessary to protect the officer's or the public's safety.  <u>Graham v. Connor</u>,

17   490 U.S. at 396.  None of these cases support Defendant's argument that "the constitutionality of the

18   conduct in question was not clearly established at the time of the incident."  (Dkt. No. 40 at 9.)

19           Finally, Defendant notes that there were dissenting opinions to Sergeant Ball's

20   investigative report that found Defendant had used excessive force, arguing that these opinions

21   show that reasonable officers could disagree in this case.  (Dkt. No. 40 at 9.)  While these

22   opinions may be a good fact for Defendant, the Court is required to view the evidence in the light

23   most favorable to Plaintiff at this stage, and finds that Plaintiff has submitted evidence

24

supporting the inference that Defendant used force that was greater than reasonable under the circumstances.

### Conclusion

Viewing the facts in the light most favorable to Plaintiff, the Court finds that he has established that Defendant used excessive force when tackling him where Plaintiff was completely restrained and not moving.  Because it has been clearly established for at least 30 years that force is excessive when it is greater than reasonable under the circumstances, Defendant is not entitled to qualified immunity.  The Report and Recommendation is ADOPTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 4, 2020.

Marsha J. Pechman
United States Senior District Judge